IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MINU NAZEMI, et al. | ) | Civ. No. 13-00239 SOM-BMK |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PLAINTIFFS' MOTION TO |
| | ) | REMAND BE GRANTED |
| LESLIE M. WRONA, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION TO
REMAND BE GRANTED

    Before the Court is Plaintiffs Minu Nazemi and Martha Nazemi's motion to remand this case to state court.  (Doc. # 4.)  After careful consideration of the motion, the supporting and opposing memoranda, and the arguments of counsel, the Court FINDS and RECOMMENDS that the motion be GRANTED.  Specifically, the Court: 1) finds that the removal is untimely; 2) finds that the Court lacks subject matter jurisdiction; and 3) awards Plaintiffs $2738.69 in attorneys' fees.

    Removal is improper because it is untimely.  28 U.S.C. § 1446(b)(1) requires defendants to file a notice of removal within thirty days after receiving a copy of the complaint.  The Complaint in this case was served on February 22,

2013, making March 25, 2013 the deadline to remove the case.  (Mem. in Supp. of Mot. Ex B.)  Defendants' removal is untimely because it was not filed until May 15, 2013.  See Beneficial Fin. I Inc. v. Grace, Civ. No. 11-00624 SOM-BMK, 2011 WL 6180132 at *1 (D. Haw. Dec. 13, 2011) (remanding case where removal was untimely).

Moreover, this Court lacks subject matter jurisdiction over this case.  Plaintiffs' complaint alleges claims for breach of contract, specific performance, fraud/misrepresentation, civil conspiracy, unfair and deceptive acts or practices, and negligence.  (Mem. in Supp. of Mot. Ex. A.)  None of these claims present federal questions.  See Pressman v. Meridian Mortgage Co., Inc., 334 F. Supp.2d 1236, 1240 (D. Haw. 2004) (federal jurisdiction exists only when a federal question is presented on the face of plaintiffs' properly pleaded complaint).

The Court also lacks diversity jurisdiction because Defendant Diane Mather is a Hawaii citizen.  See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); Mem. in Supp. of Mot. Ex. A at 2, ¶ 5.  Additionally, there is not complete diversity between the parties because Plaintiffs and Defendants Leslie Wrona and Jeffrey Mather are citizens of California.  (Mem. in Supp. of Mot. Ex. A at 2 ¶¶ 1-4.); In re

Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008) (stating that diversity jurisdiction "requires complete diversity between the parties -- each defendant must be a citizen of a different state from each plaintiff ."). Therefore, the Court remands the case because Defendants' notice of removal is untimely and the Court lacks subject matter jurisdiction.

Finally, the Court concludes that awarding attorneys' fees to Plaintiffs is appropriate, because Defendants' removal was not objectively reasonable. See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); Patel v. Del Taco, Inc., 446 F.3d 996, 999-1000 (9th Cir. 2006) (affirming award of fees when defendants had "no objectively reasonable basis for removal"). Even though Defendant Diane Mather is proceeding pro se, the Court finds that removal was not objectively reasonable because it was clearly untimely and there were no federal questions raised in Plaintiffs' complaint.

The Court has reviewed Plaintiff Counsel's affidavit, and finds that $2738.69 is a reasonable amount of attorneys' fees for the remand proceedings. The Court has reduced the hourly rate of Plaintiffs' paralegal from $135 to $85 to comport with the reasonable hourly rates in this jurisdiction. See Donkerbrook v. Title Guar. Escrow Services, Inc., Civ. No. 10–00616 LEK–RLP, 2011 WL

3649539, at *7 (D. Haw. Aug. 18, 2011).

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' motion to remand be GRANTED, and that Plaintiffs be awarded $2738.69 in attorneys' fees.

DATED: Honolulu, Hawaii, July 30, 2013.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge

Nazemi v. Wrona, Civ. No. 13-00239 SOM-BMK, FINDINGS AND RECOMMENDATION
THAT PLAINTIFFS' MOTION TO REMAND BE GRANTED